# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

Case No. 98-41336

B-97-150

U.S. COURT OF APPEALS
FILED
APR 12 2001
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
JUN 07 2001
Michael N. Milby
Clerk of Court

JUANA MARIA LERMA-DE GARCIA

    Petitioner - Appellee

    v.

E M TROMINSKI, District Director, Immigration and Naturalization Service; JOHN ASHCROFT, US Attorney General

    Respondents - Appellants

---

Case No. 98-41346

B-97-259

JUAN RODRIGUEZ CERNA

    Petitioner - Appellee

    v.

E M TROMINSKI, District Director, Immigration and Naturalization Service; JOHN ASHCROFT, US Attorney General

    Respondents - Appellants

---

Appeals from the United States District Court
for the Southern District of Texas
(B-97-CV-~~183~~ 259)

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

In this appeal the government challenged the district court's orders granting writs of habeas corpus in thirty consolidated deportation cases. In each case, the Board of Immigration Appeals ("BIA") found that § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") rendered petitioners ineligible to apply for Immigration and Nationality Act ("INA") § 212(c) discretionary waivers of deportation. Under § 440(d), persons who are deportable as a result of convictions of certain offenses are ineligible to apply for § 212(c) relief.[2]

After the BIA entered final orders of deportation against them, appellees filed habeas petitions in the district court raising various statutory and constitutional issues. In each case, the district court granted the habeas petitions, vacated the BIA's deportation orders, and remanded the cases to the BIA. The district court held that § 440(d) did not apply to

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[2] AEDPA § 440(d) amended INA § 212(c) to provide that § 212(c) "shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i)." 8 U.S.C. § 1182(c) (as amended in 1996 by AEDPA § 440(d)). Section 440(d) thus made aliens who were deportable because of convictions for certain offenses (including aggravated felonies, controlled substance offenses, certain firearms offenses, espionage, and multiple crimes of moral turpitude) ineligible for § 212(c) relief.

2

petitioners whose convictions occurred before AEDPA's April 24, 1996 enactment date. The government appealed these orders. Petitioners argued that the orders should be affirmed on two bases - that § 440(d) did not apply both because their convictions predated the adoption of AEDPA and because petitioners were placed in deportation proceedings before the adoption of AEDPA.

During the pendency of this appeal, the Attorney General issued notice of a proposed regulation, under which § 440(d) would no longer apply to aliens whose deportation proceedings were pending at the time of AEDPA's enactment.[3] We granted the government's motion to hold this appeal in abeyance until the government received and considered comments on the proposed regulation. That regulation was adopted and became final on January 22, 2001. See Section 212(c) Relief for Certain Aliens in Deportation proceedings Before April 24, 1996, Fed. Reg. 6436 (2000). The regulation includes the following crucial language:

> In the interest of the uniform and expeditious administration of the immigration laws, the Attorney General acquiesces on a nationwide basis in those appellate decisions holding that AEDPA section 440(d) is not to be applied in the cases of aliens whose deportation proceedings were commenced before AEDPA was enacted.

66 Fed. Reg. 6436, 6438.

---

[3] See Section 212(c) Relief for Certain Aliens in Deportation Proceedings Before April 24, 1996, 65 Fed. Reg. 44476 (2000) (proposed July 18, 2000).

3

In light of this new regulation, the government filed a motion to dismiss all its appeals except those concerning Lerma de Garcia (Case No. 98-41336) and Rodriguez-Cerna (Case No. 98-41346). We grant that motion.[4] We consider below the two remaining cases.

### A.

Lerma de Garcia moved to reopen her deportation proceedings on two grounds: 1) § 440(d) did not apply to bar her § 212(c) application; and 2) her attorney provided ineffective assistance of counsel, which excused her failure to appear at her deportation proceedings.

The recently adopted regulation discussed above applies only to Lerma de Garcia's argument relating to the applicability of § 440(d) to pending proceedings. 66 Fed. Reg. at 6439. Because the district court did not reach Lerma de Garcia's argument based on ineffective assistance of counsel, both the government and petitioner agree that we should remand Lerma de Garcia's case. We therefore remand this case to the district court for consideration of this argument.

---

[4]There are a number of other motions pending before us with regard to these cases. Our disposition here renders these motions moot, and they are therefore DENIED.

During the pendency of this appeal, we decided Requena-Rodriguez v. Pasquarell, holding that § 440(d) applies to bar a petitioner from seeking § 212(c) relief despite the fact that his conviction predates AEDPA's adoption. 190 F. 3d 299, 307-8 (5th Cir. 1999). The district court's contrary conclusion is therefore inconsistent with this holding.

4

B.

Rodriguez-Cerna's deportation proceedings were commenced after AEDPA's enactment date. It is therefore clear that § 440(d) applies to bar him from seeking § 212(c) relief, even though his conviction pre-dated AEDPA. Requena-Rodriguez, 190 F.3d at 307-8; 66 Fed. Reg. at 6438-9. Rodriguez-Cerna also argues that this determination based on the date on which deportation proceedings were instituted violates his equal protection rights under the Constitution. However, Rodriguez-Cerna asked that his deportation proceedings be converted to removal proceedings ("repapering") and his deportation proceedings were administratively closed on November 28, 2000, when the BIA granted this request. Thus, no deportation proceedings are pending, and both sides agree that we should dismiss this case. The petitioner asks us to dismiss the suit with prejudice. The government, on the other hand, points out that the BIA left the door open for the deportation proceedings to be reopened and that the case should therefore be dismissed without prejudice. We therefore remand this case to the district court to consider these arguments and decide whether to dismiss the case with or without prejudice.

For the reasons stated above, we GRANT the government's motion to dismiss all appeals except those of Lerma de Garcia (Case No. 98-41336) and Rodriguez-Cerna (Case No. 98-41346).

As to Lerma de Garcia, we REMAND this case to the district court. If Lerma de Garcia can show that she received ineffective assistance of counsel so that her failure to appear at her deportation proceedings was justified, the district court should direct the BIA to permit her to file a § 212(c) petition to reopen her deportation proceedings.

As to Rodriguez-Cerna, we REMAND this case to the district court to consider whether its order of dismissal should be with or without prejudice.

6

ClibPDF - www.fastio.com